IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,      )
                                    )
          Plaintiff,          )
                                    )
     v.                     )      No. 1:07-cv-00355-JDB
                                    )
UNITED STATES OF AMERICA,      )
STATE OF HAWAII, DEPARTMENT OF  )
TAXATION,                     )
ROY HAMAKAWA, AS ACTING      )
DISTRICT MANAGER,             )
JOHN DOE, AKA "M. SHIOJI," PREPARER )
                                    )
         Defendants.      )

## UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action. Plaintiff's claims against the United States should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because 26 U.S.C. § 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. In the alternative, Plaintiff's claims against the United States should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has failed to meet his burden in proving exhaustion of administrative remedies as required by 26 U.S.C. § 7433(d)(1). In the alternative, Plaintiff's claims against the United States should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: June 8, 2007                                  Respectfully submitted,

                                                     /s/ Nicole M. Stoduto
                                                    NICOLE M. STODUTO
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    Post Office Box 227
                                                    Washington, DC 20044
                                                    Telephone: (202) 616-9785
                                                    Facsimile: (202) 514-6966
                                                    Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,    )
               )
     Plaintiff,     )
               )
  v.         )  No. 1:07-cv-00355-JDB
               )
UNITED STATES OF AMERICA,   )
STATE OF HAWAII, DEPARTMENT OF )
TAXATION,        )
ROY HAMAKAWA, AS ACTING   )
DISTRICT MANAGER,     )
JOHN DOE, AKA "M. SHIOJI," PREPARER )
               )
     Defendants.   )

**MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS**

   This is a suit brought under 26 U.S.C. § 7431, inter alia, in an attempt to recover

damages allegedly caused by disclosing confidential return information.  Plaintiff's

claims against the United States should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)

and (6) for lack of subject matter jurisdiction and failure to state a claim upon which

relief can be granted.

QUESTIONS PRESENTED

   Section 7433(a) provides, with one exception not pertinent here, that it "shall be

the exclusive remedy for recovering damages" for unauthorized or improper collection

actions.  26 U.S.C. § 7433(a).  Inasmuch as Plaintiff's unauthorized disclosure claim

relates to collection actions taken by the Internal Revenue Service ("Service"),

specifically the filing of notices of federal tax liens, can Plaintiff recover under 26 U.S.C. § 7431?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded. 26 U.S.C. § 7433(d)(1). Plaintiff has failed to meet his burden with respect to this requirement. Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to collection of taxes and may disclose information to state tax agencies. 26 U.S.C. § 6103(d) and (k)(6). Did the Service violate section 6103?

STATEMENT OF FACTS

1. <u>Introduction</u>

On February 15, 2007, Plaintiff, acting *pro se*, filed his complaint. Plaintiff makes two allegations against the United States: (1) that the Service violated section 7431 in filing notices of federal tax liens (Compl. *passim*.); (2) that the Service violated section 7431 in disclosing confidential information the State of Hawaii and its agents. (<u>Id.</u> ¶¶ 4B, 5F.)

Specifically, Plaintiff argues that Service agents filed notices of federal tax liens with the County Recorder, Orange County, California and the Department of Land and Natural Resources in Hawaii.  (Id.¶ 5A-5E; Exs. A-E.)  Plaintiff alleges that the notices of federal tax liens wrongfully disclose tax return information, and that the disclosure has caused Plaintiff substantial mental and emotional distress and subjected him to the possibility of identity theft.  (Id. ¶¶ 6A, 7, 8.)  Plaintiff further alleges that in absence of a written agreement between the Service / Secretary of the Treasury and the State of Hawaii, the Service disclosed confidential information to the State of Hawaii and to Roy Hamakawa.  (Id. ¶¶ 4B, 5F.)  Finally, Plaintiff alleges that the State of Hawaii and its agents, Roy Hamakawa and John Doe aka "M. Shioji," violated section 7431.[1]

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (Id. ¶ 14.)

---

[1]  This memorandum, of course, addresses only claims against the United States. The undersigned counsel has been in contact with the State of Hawaii regarding this action.  The State of Hawaii will be responding to Plaintiff's complaint.

ARGUMENT

**I.     Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the court need not accept as true legal conclusions couched as a factual allegations, inferences, or conclusory allegations that are unsupported by facts set forth in the complaint.  See Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

II.    **Plaintiff's Section 7431 Claim as it Relates to the Filing of Notices of Federal Tax Liens Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).**

A.    *Section 7433 Is Plaintiff's Exclusive Remedy*

Plaintiff's section 7431 claim as it relates to the filing of notices of federal tax liens must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim.  Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  <u>Id.</u>  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  <u>Id.</u>

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted

section 7433.  Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  See Glass v. United States, 480 F. Supp. 2d 162, 164-65 (D.D.C.  2007); Evans v. United States, 478 F. Supp. 2d 68, 71 (D.D.C. 2007); Koerner v. United States, 471 F. Supp. 2d 125, 227 (D.D.C.  2007).  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v.

United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service

employees made unauthorized disclosures when a revenue officer filed an allegedly

false declaration in support of an application to enter plaintiffs' place of business to

effect a levy and when revenue officers posted seizure notices at plaintiffs' place of

business.  Id.  Because the alleged unauthorized disclosures occurred in connection with

tax collection activities, the court ruled that the suit had to proceed under section 7433

and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722,

at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of

section 7433, Congress did not intend for section 7431 suits to be maintained in

situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir.

1992).

        This Court recently concurred with the holding in Shwarz and the exclusivity of

section 7433.  Glass v. United States, 480 F. Supp. 2d 162, 165 (D.D.C. 2007) ("§ 7433 bars

claims under § 7431 when the alleged IRS disclosures involve federal tax collection

activity");  Evans v. United States, 478 F. Supp. 2d 68, 72  (D.D.C. 2007); Powell v.

United States, 478 F. Supp. 2d 66, 67 (D.D.C. 2007);  Koerner v. United States, 471 F.

Supp. 2d 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue

of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims

under § 7431."); Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This

Court...concludes that, based on the plain language of section 7433(a) and its legislative

history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Plaintiff's unauthorized disclosure claim relates to notices of federal tax liens filed with the County Recorder, Orange County, California and the Department of Land and Natural Resources in Hawaii.  (Id. at ¶ 5A-5E; Exs. A-E.)  Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities.  See Glass, 480 F. Supp. 2d at 165; Powell, 478 F. Supp. 2d at 67; Koerner, 471 F. Supp. 2d at 127; Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (noting that filing notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction, and the claim as it relates to the filing of notices of federal tax liens should be dismissed under Fed. R. Civ. P. 12(b)(1). To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme.

###### B.    Plaintiff's Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that Plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).  "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under section 7433.  26 C.F.R. § 301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiff makes no assertions concerning his pursuit of administrative remedies, therefore Plaintiff has not met his burden in proving exhaustion of administrative remedies.[2]  As a result, Plaintiff has not adequately met his burden in alleging that the United States has unequivocally waived its sovereign immunity, therefore this Court does not have jurisdiction over this claim and should dismiss the entire complaint.[3]

----

[2] Moreover, section 7433(d)(3) provides a two-year statute of limitations for claims of wrongful collection and section 7431(d) states that any action under this section may be brought within two years after the date of discovery by the plaintiff of the unauthorized disclosure.  It appears, therefore, that Plaintiff's claims are also partially barred by the statute of limitations.

[3] There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue under Fed. R. Civ. P. 12(b)(1) or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Compare Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) with

C.  *Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure*

Even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433,

Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. §

6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation

of section 6103, other than in the collection process.  26 U.S.C. § 7431.  Section 7433

protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in

the collection process.  26 U.S.C. § 7433.  Section 6103(a) is a general taxpayer privacy-

protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed.

Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987);

see also Koerner v. United States, 471 F. Supp. 2d at 128 ("[N]ot all disclosures of tax

return information violate § 6103.").  The Internal Revenue Code contains a number of

---

Davenport v. United States, 450 F. Supp. 96, 97 n.1 (D.D.C. 2006); Radcliffe v. United States, 453 F. Supp. 2d 101, 101 n.2, 103 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004); aff'd, 2005 WL 3781733 (D.C. Cir. 2005).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433, and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).  Ross v. United States, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("Thus, the Court will consider defendant's request, in the alternative, to dismiss plaintiffs' section 7433 claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.").

- 11 -

specific and several general exceptions to this rule of non-disclosure.  Specifically,

section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title.  Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the

specific circumstances under which disclosures may be made pursuant to section

6103(k)(6).  Because section 6103(k)(6) directs the Secretary of the Treasury to

promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations,"

and are entitled to special deference from the courts.  See, e.g., Chrysler Corp. v. Brown,

441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1(a) states:

> [A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) Establishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed...or otherwise to apply the provisions of the Internal Revenue Code relating to establishment of liens ....

26 C.F.R. § 301.6103(k)(6)-1(a) (2003). See also 26 C.F.R. § 301.6323(f)-1(a)(1) (designating

proper place for filing notice of federal tax lien).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the *** filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, 1990 WL 264722, *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485, 1490 (9th Cir. 1991) ("[t]he recording of a federal tax lien in the County Recorder's Office *** places information in the liens *** in the public domain.  Because information in the public domain is no longer confidential there can be no violation of Section 6103 and, consequently, no liability for disclosure of such information under Section 7431.")

In the instant case, it cannot be disputed that the notices of federal tax liens were filed in connection with the official duties of the Service in attempting to collect the Plaintiff's tax liabilities.  Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991).

- 13 -

The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

Plaintiff's complaint asserts that the notices of federal tax liens were filed "in an amount for which defendants have been unable to produce evidence of procedurally proper, valid assessments."  (Compl. ¶ 5A-E.)  Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying [assessment], summons, lien or levy."  Elias v. United States, No 90-0432, 1990 WL 264722 (C.D. Cal. Dec. 21, 1990).  See also Mann v. United States, 204 F.3d 1012, 1020 (10th Cir. 2000) ("We…agree with…the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); Wilkerson v. United States, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the...contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful."); Venen v. United States, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); Bleavins v. United States, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), aff'd 998 F.2d 1016 (7th Cir. 1993) (table); Tomlinson v. United States, No. 89-1518, 1991 U.S. Dist. LEXIS 12631, at *7 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the

underlying assessment is immaterial to the propriety of disclosures of return information in serving levies), aff'd 977 F.2d 591 (9th Cir. 1992); Flippo v. United States, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), aff'd 849 F.2d 604 (4th Cir. 1988).  Thus, Plaintiff cannot challenge the validity of the underlying assessment under section 7431 or section 7433.

> **III.    Plaintiff's Section 7431 Claim as it Relates to Disclosing Confidential Information to the State of Hawaii and Its Agents Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

Plaintiff's claim as it relates to the disclosure of information by the Service to the State of Hawaii and its agents must be dismissed because Plaintiff provides no grounds to support his allegation and moreover, there was no violation of section 6103.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff 's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,1965 (May 21, 2007).  In the instant action, Plaintiff provides no grounds to support his allegations, as the complaint is bereft of specific information such as the contents and dates of the alleged disclosure. Instead, Plaintiff asserts a disclosure was made by the Service to a Hawaiian state agent, who was not specified in a written agreement.  By not providing details regarding the disclosure, as known by Plaintiff, Plaintiff's claim fails to meet his obligation under Bell Atlantic Corp. and his claim should be dismissed.

Plaintiff has failed to show that the alleged disclosure violates section 6103. Even assuming there is no agreement between the Service and the State of Hawaii, disclosures to state authorities are nonetheless permissible. Section 6103(d) explicitly permits disclosure of return information to state tax agencies with respect to the collection of taxes imposed by enumerated sections of the Code, including income and unemployment tax. Such disclosures are made at the request of the head of the state agency, and the request can direct the disclosed information to any employee. Plaintiff's complaint admits Roy Hamakawa was manager of the Hawaii District for the Hawaii Department of Taxation at the time of disclosure, and thus, he was an allowable recipient of confidential return information. Plaintiff failed to allege in his complaint that the requirements for a proper disclosure under section 6103(d) were not satisfied.

Given the exception under section 6103(d), Plaintiff has not alleged sufficient facts in support of his claim that would entitle him to relief. As such, a motion to dismiss under Rule 12(b)(6) is appropriate.

## CONCLUSION

Plaintiff's exclusive remedy for an unauthorized or improper disclosure in connection with the filing of notices of federal tax liens is found in section 7433, therefore Plaintiff's claim should be dismissed. In the alternative, Plaintiff has not exhausted his administrative remedies under the Internal Revenue Code, therefore the claim should be dismissed.

Finally, the United States did not violate section 6103 in either the filing of notices of federal tax liens or disclosing information to agents of the State of Hawaii, therefore Plaintiff's claims against the United States should be dismissed.

DATE: June 8, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

-17-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,    )
    )
      Plaintiff,    )
    )
    v.    )    No. 1:07-cv-00355-JDB
    )
UNITED STATES OF AMERICA,    )
STATE OF HAWAII, DEPARTMENT OF    )
TAXATION,    )
ROY HAMAKAWA, AS ACTING    )
DISTRICT MANAGER,    )
JOHN DOE, AKA "M. SHIOJI," PREPARER )
    )
      Defendants.    )

## NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are

nearly identical to that filed in this matter:

    1. Grant North v. United States, No. 1:06-cv-1516-EGS

    2. Robert J. & Lisa L. Welzel v. United States, No. 1:06-cv-1580-RBW

    3. Will H. & Mary Catherine LaRue v. United States, No. 1:06-1495-RBW

    4. LaVern & William S. Koerner v. United States, No. 1:06-cv-1633-ESH

    5. Stephen J. and Patricia Lindsey v. United States, No. 1:06-cv-1409-RBW

    6. Rebekah H. Miller v. United States, No. 1:06-cv-1525-RMU

    7. Roy A. Watson v. United States, No. 1:06-cv-1594-EGS

    8. Bruce R. Travis v. United States, No. 1:06-cv-1584-RCL

    9. Paul B. Evans v. United States, No. 1:06-cv-1713-JDB

10. Mary H. & Robert W. Rhodes, III v. United States, No. 1:06-cv-1840-EGS

11. Rudolf & Glenda Luscher v. United States, No. 1:06-cv-1617-PLF

12. Eleanor M. Glass v. United States, No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, No. 1:06-cv-1891-HHK

19. Jimmie D. & Pamela A. Ross v. United States, No. 1:06-cv-1774-HHK

20. Lee F. Garvin v. United States, No. 1:06-cv-1735-RBW

21. Thomas Powell v. United States, No. 1:06-cv-1860-RJL

22. Manfred R. & JoAnn Stockwell v. United States, No. 1:06-cv-1517-ESH

23. Thomas & Doris Moorhouse v. United States, No. 1:06-cv-2152-EGS

24. Don & Beverly Ahrens v. United States, No. 1:07-cv-35-RMU

25. Edward J. Link v. United States, No. 1:06-cv-2113-GK

DATE: June 8, 2007                              Respectfully submitted,

                                                 /s/ Nicole M. Stoduto
                                                NICOLE M. STODUTO
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, DC 20044
                                                Telephone: (202) 616-9785
                                                Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 1:07-cv-00355-JDB
                                   )
UNITED STATES OF AMERICA,          )
STATE OF HAWAII, DEPARTMENT OF     )
TAXATION,                          )
ROY HAMAKAWA, AS ACTING            )
DISTRICT MANAGER,                  )
JOHN DOE, AKA "M. SHIOJI," PREPARER )
                                   )
            Defendants.            )

## O R D E R

Having considered the United States' motion to dismiss, memorandum in

support thereof, and any oppositions and replies thereto, the Court concludes that the

motion ought to be granted.  Accordingly, it is this _____ day of _____,

2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that Plaintiff's claims against the United States be and are DISMISSED

WITH PREJUDICE, and it is further

ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

MICHAEL ROBERT MARSOUN
74-5533 Luhia Street, Suite B-1A-393
Kailua-Kona, Hawaii 96740.

STATE OF HAWAII
DEPARTMENT OF TAXATION
Princess Ruth Keelikolani Building
830 Punchbowl Street
Honolulu, Hawaii 96813

ROY HAMAKAWA
Acting District Manager
District of Hawaii
State of Hawaii, Department of Taxation
P.O. Box 833
Hilo, Hawaii 96721

MARIAN SHIOJI
Office Auditor
District of Hawaii
State of Hawaii, Department of Taxation
P.O. Box 833
Hilo, Hawaii 96721

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,        )
                              )
            Plaintiff,         )
                              )
      v.                       )        No. 1:07-cv-00355-JDB
                              )
UNITED STATES OF AMERICA,      )
STATE OF HAWAII, DEPARTMENT OF )
TAXATION,                      )
ROY HAMAKAWA, AS ACTING        )
DISTRICT MANAGER,              )
JOHN DOE, AKA "M. SHIOJI," PREPARER )
                              )
            Defendants.        )

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, proposed ORDER, and NOTICE OF RELATED CASES were caused

to be served on the 8th day of June, 2007, by depositing a copy in the United States'

mail, postage prepaid, addressed as follows:

> Michael Robert Marsoun
> Plaintiff *pro se*
> 74-5533 Luhia Street, Suite B-1A-393
> Kailua-Kona, Hawaii 96740
>
> State of Hawaii
> Department of Taxation
> Princess Ruth Keelikolani Building
> 830 Punchbowl Street
> Honolulu, Hawaii 96813

//
//
//

Roy Hamakawa
Acting District Manager
District of Hawaii
State of Hawaii, Department of Taxation
P.O. Box 833
Hilo, Hawaii 96721

Marian Shioji
Office Auditor
District of Hawaii
State of Hawaii, Department of Taxation
P.O. Box 833
Hilo, Hawaii 96721

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO