IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL ROBERT MARSOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00355-JDB |
| | ) | |
| UNITED STATES OF AMERICA, AND | ) | |
| STATE OF HAWAII, DEPARTMENT OF | ) | |
| TAXATION, AND ROY HAMAKAWA, | ) | |
| ACTING DISTRICT TAX MANAGER, AND | ) | |
| JOHN DOE, AKA "M. SHIOJI," PREPARER | ) | |
| | ) | |
| State of Hawaii | ) | |
| Tax Division | ) | |
| 425 Queen Street | ) | |
| Honolulu, Hawaii 96813 | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF THE STATE OF HAWAII,
DEPARTMENT OF TAXATION, ROY HAMAKAWA, AND MARIAN SHIOJI'S
MOTION TO DISMISS**

Plaintiff has brought this action under 26 U.S.C. § 7431 alleging the unlawful disclosure

and inspection of confidential tax return information.  Plaintiff seeks recovery of statutory or

actual and punitive damages from the defendants as a result of the alleged violations.[1]

Plaintiff's claims against the State of Hawaii, Department of Taxation ("State of

Hawaii") should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because 26 U.S.C. § 7431

does not provide a cause of action against the State of Hawaii.  Furthermore, the State of Hawaii

is exempt from suit in federal court pursuant to sovereign immunity granted to all states under

---

[1] While this case presents certain unique allegations pertaining to the State of Hawaii and state employees, it can hardly be overlooked that this case presents nearly identical arguments presented in at least twenty-five other cases that have been filed in various federal courts.  *See* United States' Notice of Related Cases filed on June 8, 2007.

the Eleventh Amendment to the United States Constitution.  Likewise, plaintiff's claims against

Roy Hamakawa ("Hamakawa") and Marian Shioji ("Shioji") should be dismissed under Fed. R.

Civ. P. 12(b)(2) and (6) because no set of facts alleged by the plaintiff establish this Court's

personal jurisdiction and because, as employees of the State of Hawaii, they are entitled to

qualified immunity for acts undertaken in connection with their employment by the State.

Finally, since the State review of the federal tax return information at issue was lawfully

performed as provided for in 26 U.S.C. § 6103(d), plaintiff's claims must be dismissed against

the State of Hawaii, Hamakawa, and Shioji.[2]

## QUESTIONS PRESENTED

1.      Regarding plaintiff's claims against the State of Hawaii, whether this action

should be dismissed on the following grounds:

        a.      this Court lacks subject matter jurisdiction over an action brought pursuant

to 26 U.S.C. § 7431 where the State of Hawaii is not a "person" for purposes of this statute; and

        b.      this Court lacks subject matter jurisdiction where the State of Hawaii has

not waived sovereign immunity from this type of suit.

2.      Regarding plaintiff's claims against Hamakawa and Shioji, whether this action

should be dismissed on the following grounds:

        a.      this Court lacks personal jurisdiction over the individual state employees;

and

---

[2] The United States of America is a named co-defendant in this matter and has previously moved this Court to
dismiss it from this lawsuit pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and
failure to state a claim upon which relief can be granted.  As expressed below, to the extent applicable, the State of
Hawaii, Hamakawa, and Shioji join and incorporate into this motion and memorandum the arguments set forth in the
United States' Motion to Dismiss and accompanying Memorandum in Support thereof filed with the Court on June
8, 2007.

        b.      plaintiff has failed to state a claim for which relief can be granted because the doctrine of qualified immunity applies.

      3.      Regarding plaintiff's claims against the State of Hawaii, Hamakawa, and Shioji, whether this case should be dismissed for failure to state a claim upon which relief can be granted because defendants' review of the subject material was lawfully performed under 26 U.S.C. § 6103(d).

## STATEMENT OF FACTS

The State of Hawaii is a sovereign entity admitted to the United States of America as the fiftieth state on August 21, 1959. Act of March 18, 1959, Pub. L. No. 86-3, 73 Stat. 4. Hamakawa and Shioji were employees of the State of Hawaii, Department of Taxation when the alleged unlawful disclosures and inspections of plaintiff's confidential tax return information are alleged to have occurred. Complaint at ¶ 4C. Hamakawa and Shioji continue to be employed by the State of Hawaii, Department of Taxation to this day. *See* Declarations of Hamakawa and Shioji attached hereto at Exhibits A and B, respectively. Hamakawa is the District Tax Manager for the Hawaii District Office. *Id.* Shioji is an Office Audit Tax Examiner. *Id.*

On February 15, 2007, plaintiff filed his lawsuit, *pro se*. Plaintiff's complaint alleges in pertinent part that on or before November 17, 2006, employees of the Internal Revenue Service unlawfully disclosed to the State of Hawaii, and Hamakawa, in his capacity as Acting District Tax Manager, the plaintiff's confidential tax return information. Complaint at ¶ 5F. Plaintiff further alleges that the State of Hawaii and Hamakawa unlawfully inspected plaintiff's confidential tax return information and that Hamakawa unlawfully disclosed plaintiff's confidential tax return information to Shioji. *Id.* at ¶¶ 4B, 4C, and 6B. Shioji is accused of unlawfully inspecting plaintiff's confidential tax return information. *Id.*

Plaintiff's complaint also alleges that the unlawful disclosures and inspections took place in the absence of a written agreement between the Secretary of the Treasury (or his authorized delegate) and the Head of the State of Hawaii, Department of Taxation, specifically authorizing Hamakawa and Shioji as individuals authorized to receive confidential information under such written agreement. *Id.* at ¶¶ 4B, 4C, 5F, and 6B. Plaintiff alleges that these actions have caused him substantial mental and emotional stress and subjected plaintiff to the possibility of identity theft. *Id.* at ¶¶ 7 and 8.

## ARGUMENT

### A. STANDARDS OF REVIEW.

### 1. Subject Matter Jurisdiction.

A party seeking to have their claim heard in federal court bears the burden of showing that the court has subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "In evaluating a motion to dismiss for lack of subject matter jurisdiction [pursuant to Fed. R. Civ. P. 12(b)(1)], the court must accept the factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Sweeney v. American Registry of Pathology*, 287 F. Supp. 2d 1, 3 (D.D.C. 2003) (citing *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997)). However, because the burden of proving subject matter jurisdiction is the plaintiff's obligation, plaintiff's factual allegations should be closely scrutinized by the Court. *See Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Furthermore, "[w]here necessary, the court may consider . . . [facts] outside the pleadings if it deems it necessary to resolve the

question of whether it has jurisdiction to hear the case." *Tsaknis v. United States*, 2007 WL 1655871 (D.D.C. 2007) (quoting *Sweeney*, 287 F. Supp. 2d at 3).

       **2.**       **Failure to State a Claim.**

       In determining whether to grant a defendant's motion under Fed. R. Civ. P. 12(b)(6), the district court should construe the complaint liberally in the plaintiff's favor and grant plaintiff "the benefit of all reasonable inferences to be derived from the facts alleged." *Henthorn v. Dep't. of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). If there is no set of facts, however, that the plaintiff can prove in support of his claim that he is entitled to relief, then the claim must be dismissed. *Id.* "*Pro se* complaints are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Henthorn*, 29 F.3d at 684 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Nonetheless, '[a] *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court.'" *Henthorn*, 29 F.3d at 684 (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). Furthermore, the district court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. *Henthorn* at 684 (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). "Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.*

       **3.**       **Personal Jurisdiction.**

       "Plaintiff bears the burden of establishing jurisdiction over each defendant." *Fletcher v. District of Columbia, et al.*, 481 F. Supp. 2d 156, 168 (citing *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003)). "In order to meet his burden, plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations." *Id.* To survive a motion to dismiss, however, plaintiff need only make a prima

facie case.  *Fletcher*, 481 F. Supp. 2d at 168 (citing *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)).

"In deciding a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Court need not treat plaintiff's allegations as true." *Fletcher*, 481 F. Supp. 2d at 169 (citing *Atlantigas*, 290 F. Supp. 2d at 42).  "Rather, the Court may consider and weigh affidavits and other relevant matter in making the jurisdictional determination."  *Id.*  "Hence, a court may consider matters outside the pleadings in ruling on a motion to dismiss for lack of personal jurisdiction." *Fletcher*, 481 F. Supp. 2d at 169 (citing *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002)).

**B.     CLAIMS AGAINST THE STATE OF HAWAII.**

**1.     Section 7431 does not provide a claim against the State of Hawaii and thus, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).**

Plaintiff's cause of action against the State of Hawaii is brought pursuant to 26 U.S.C. § 7431.[3]  Section 7431(a)(2) states:

> If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 or in violation of section 6104(c), such taxpayer may bring a civil action against such person in a district court of the United States.

However, the law is well settled.  Section 7431 does not provide a cause of action against a state.

In *Long v. United States*, 972 F.2d 1174 (10th Cir. 1992), the court held that 26 U.S.C. § 7431(a)(2) fails to confer any right of action against a state agency.  In reaching its decision, the court noted that the "statute[] imposes liability on 'persons,' 'officers,' or employees who disclose information 'in connection with [their] service as an officer or employee' [but that]

---

[3] Plaintiff alleges that this Court has jurisdiction over this case under 26 U.S.C. §§ 7431(a)(1) and (b).  Complaint at ¶ 2.  These provisions, however, cannot be the basis of a cause of action against non-U.S. employees.  *See* 26 U.S.C. § 7431(a)(2).

[t]hose terms do not contemplate liability against a state agency." *Id.* at 1177. The *Long* court's decision is consistent with administrative law which distinguishes between persons and agencies.[4] The court's decision is also consistent with United States Supreme Court cases holding that sovereigns are excluded from the term "person" absent an affirmative contrary showing. *See*, *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64 (1989); *Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 667 (1979); *United States v. Cooper Corp.*, 312 U.S. 600, 604 (1941); *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 83 (1991); and *United States ex rel. Long v. SCS Business & Technical Institute, Inc.*, 173 F.3d 870, 874 (D.C.C. 1999), *cert. denied*, 530 U.S. 1202 (2000).

Nothing in the express language of 26 U.S.C. § 7431 or its legislative history suggests that Congress intended for the term "person" as used in the statute to include a state or that the statute was meant to apply to a state or a state agency.[5] Consequently, 26 U.S.C. § 7431 fails to provide plaintiff with a cause of action against the State of Hawaii. Accordingly, the suit against it must be dismissed.

2. **Alternatively, plaintiff's 26 U.S.C. § 7431 claims against the State of Hawaii should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the State is protected from suit by the doctrine of sovereign immunity.**

Absent consent, a state is immune from suit in federal court brought by citizens of another state or its own citizens. *Pennhurst State & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (recognizing that "despite the limited terms of the Eleventh Amendment, a federal court could not entertain a suit brought by a citizen against his own state"). The principle of sovereign immunity is a Constitutional limitation on federal jurisdictional power "[barring] all suits,

---

[4] *See, e.g.,* 5 U.S.C. §§ 551, 552(a), 701; *See also*, 26 U.S.C. § 7701(a)(1) defining "person" "to mean and include an individual, a trust, estate, partnership, association, company, or corporation."

[5] By contrast, Congress made it entirely clear in 26 U.S.C. § 7431(a)(1) that the United States could be held liable for unlawful disclosures of confidential tax return information by its officers and employees.

whether for injunctive, declaratory or monetary relief, against the state and its departments."

*Thiokol Corp. v. Dep't. of Treasury, State of Michigan Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State School & Hosp.*, 465 U.S. at 100-01). The Supreme Court of the United States has consistently held that the Eleventh Amendment embodies, but does not limit the principle of sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 713 (1999); *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 779 (1982). In the present suit, plaintiff is seeking to recover monetary relief from the State of Hawaii, Department of Taxation. Therefore, under the doctrine of sovereign immunity, the State of Hawaii should be dismissed from this case.[6]

Moreover, the present action does not fall within either of two limited exceptions to the doctrine of sovereign immunity. Specifically, sovereign immunity does not bar a suit "1) where a state has itself waived its immunity from federal suit; and 2) where Congress has abrogated the states' immunity." *Thiokol Corp.*, 987 F.2d at 381. Regarding waiver, the United States Supreme Court has repeatedly made clear that the court will find a state to have waived its sovereign immunity "only where stated 'by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)); *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990); *Ibrahim v. District of Columbia*, 357 F. Supp. 2d 187, 192 (D.D.C. 2004); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 329 (D.D.C. 1986). In this case, there is no support whatsoever, no less "express language" or "overwhelming implications," to support a

---

[6] To the extent that this suit is an action against the individuals (Hamakawa and Shioji) acting in their capacities as state officials, the suit is against the State of Hawaii itself. Therefore, the suit against the individuals is <u>also</u> barred by the doctrine of sovereign immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

contention that the State of Hawaii has waived its sovereign immunity regarding plaintiff's claim. Plaintiff alleges no facts in its complaint indicating or even suggesting that a waiver has occurred. Therefore, plaintiff's suit against the State of Hawaii should be dismissed.

Finally, Congress has not abrogated the sovereign immunity of the State of Hawaii with regard to the plaintiff's claims. "Congress may abrogate [a] State's constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-56 (1996); *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. at 305 (recognizing application of "a particularly strict standard"). As previously noted, the statute under which plaintiff has brought this cause of action, 26 U.S.C. § 7431, cannot be used to sue a state, much less be interpreted as a clear abrogation of a state's sovereign immunity. Therefore, plaintiff's claims against the State of Hawaii should be dismissed.

**C.  CLAIMS AGAINST THE INDIVIDUAL STATE EMPLOYEES.**

**1.  This Court lacks personal jurisdiction over defendants Hamakawa and Shioji.**

Plaintiff fails to allege any basis for personal jurisdiction over Hamakawa and Shioji. Specifically, there is no allegation in the complaint that Hamakawa and Shioji reside in the District of Columbia. In fact, these defendants reside in the State of Hawaii. *See* Declarations of Hamakawa and Shioji attached hereto at Exhibits A and B, respectively. Nor has plaintiff alleged any facts showing that Hamakawa and Shioji, in their individual capacities, have transacted any business or committed any actionable acts within the District of Columbia or otherwise have sufficient "minimum contacts" with the District to satisfy the traditional notions

of "fair play and substantial justice" within the meaning of *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Because Hamakawa and Shioji reside in Hawaii and have no contacts with the District of Columbia, this Court lacks personal jurisdiction over them.

As previously noted, plaintiff bears the burden of establishing personal jurisdiction over the defendants. Plaintiff, however, need only make out a prima facie case of personal jurisdiction. *Atlantigas*, 290 F. Supp. at 42. Even so, the plaintiff in this instance is foreclosed from successfully alleging personal jurisdiction because Hamakwa and Shioji had no presence in the District of Columbia, no domicile in the District, no residence in the District, own no property in the District, and conduct no business in the District.

Contrast this with the defendants in the case of *Fletcher v. District of Columbia, et al.*, 481 F. Supp. 2d 156. In *Fletcher*, several members of the United States Parole Commission were sued in their individual capacities for allegedly violating plaintiff's civil rights. Although none of the individually-named defendants maintained a residence in the District of Columbia, the court found that it had personal jurisdiction over them nonetheless because the Parole Commission supervised District of Columbia prisoners, "[a]rrested parole violat[ors] [were] often incarcerated at the D.C. Jail awaiting revocation hearings," and the "[p]laintiff's parole revocation hearing was held at a D.C. facility. . ." *Fletcher*, 481 F. Supp. 2d at 170. As noted by the court, "[g]iven these circumstances, it [was] reasonable to conclude that the individual defendants engage[d] in 'business' activities in the District and certainly could have anticipated being haled in to court here." *Id.* Based on the complete absence of contacts (alleged or otherwise) between Hamakawa, Shioji, and the District of Columbia, there is no way these defendants could have anticipated being subjected to this Court's jurisdiction; thus, a dismissal

for lack of personal jurisdiction is compelled. *See*, *e.g.*, *Johnson v. Kotoshirodo*, No. 06-7457

ODW (FMOx), slip. op. at 4 (C.D. Cal. June 26, 2007) (plaintiff presented insufficient evidence

to establish minimum contacts of deputy attorney of the State of Hawaii Tax Division and

auditor employed by the State of Hawaii, Department of Taxation), attached hereto at Exhibit C.

   2.    **Plaintiff's claims against Hamakawa and Shioji should be dismissed
          pursuant to Fed. R. Civ. P. 12(b)(6) because the claims are barred under the
          doctrine of qualified immunity.**

   Plaintiff seeks actual and punitive damages from Hamakawa and Shioji in their individual

capacities.  Complaint at ¶¶ 1B, 1C, and 1D.  As previously noted, Hamakawa and Shioji were

employees with the State of Hawaii, Department of Taxation when the alleged unlawful

disclosures and inspections of plaintiff's confidential tax return information are said to have

occurred. *Id.* at ¶ 4C.  To the extent that either employee inspected or disclosed plaintiff's

confidential tax return information, it was done solely in their capacity as state officials and thus,

they are protected by the qualified immunity doctrine.

   The purpose of qualified immunity is to protect state officials from interference with their

duties and from potentially disabling threats of liabilities.  *Sinaloa Lake Owners Ass'n v. City of

Simi Valley*, 70 F.3d 1095, 1098 (9th Cir. 1995).  "The immunity is not simply from damages but

from having to participate in the proceedings."  *Kalka v. Hawk*, 215 F.3d 90, 94 (D.C. Cir. 2000).

The Supreme Court has therefore instructed lower courts that the validity of a qualified immunity

defense should be determined as early as possible, preferably before discovery and trial.  *See*,

*e.g.*, *Anderson v. Creighton*, 483 U.S. 635, 640 n.2. (1987).

   In evaluating a claim of qualified immunity, the court, viewing the alleged facts in a light

most favorable to the plaintiff "must first determine whether the plaintiff has alleged the

deprivation of an actual constitutional right at all…."  *Kalka*, 215 F.3d at 95.  "If no

constitutional right would have been violated were the allegations established, there is no

necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194,

201 (2001). In addition, the Constitutional right must have been "clearly established." *Anderson*

*v. Creighton*, 483 U.S. 635, 640 (1987) ("The contours of the right must be sufficiently clear that

a reasonable official would understand that what he is doing violates that right").[7]

Plaintiff's claims in this lawsuit are all based on alleged violations of 26 U.S.C. § 6103,

which governs the confidentiality and disclosure of tax returns and return information. The

cause of action for a violation of 26 U.S.C. § 6103 is statutory (*i.e.*, 26 U.S.C. § 7431). No set of

facts alleged in the plaintiff's complaint, even if completely true,[8] identify conduct on the part of

Hamakawa and Shioji that resulted in a violation of the plaintiff's Constitutional rights, much

less clearly established ones. Thus, the complaint against Hamakawa and Shioji cannot survive a

dismissal based on qualified immunity. *See*, *e.g.*, *Johnson v. Kotoshirodo*, No. 06-7457 ODW

(FMOx), slip. op. at 4 (C.D. Cal. June 26, 2007) (claims against deputy attorney of the State of

Hawaii Tax Division and auditor employed by the State of Hawaii, Department of Taxation were

dismissed based on qualified immunity), attached hereto at Exhibit C.

**D.    CLAIMS AGAINST THE STATE OF HAWAII, HAMAKAWA AND SHIOJI.**

Plaintiff's 26 U.S.C. § 7431(a) claims against the State of Hawaii, Hamakawa, and Shioji

for the unlawful inspection and disclosure of taxpayer's confidential tax return information must

be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Section 7431(a) punishes negligent and or

intentional violations of 26 U.S.C. § 6103. Under 26 U.S.C. § 6103, federal tax returns and tax

return information are treated as confidential and not subject to disclosure under ordinary

---

[7] Even if a viable Constitutional claim is asserted, "[q]ualified immunity shields [government] officials from liability for damages so long as their actions were objectively reasonable, as measured in light of the legal rules that were 'clearly established' at the time of their actions." *Kalka v. Hawk*, 215 F.3d at 94 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)).

[8] Of course the State of Hawaii, Hamakawa, and Shioji vigorously dispute that any violations occurred.

circumstances.  However, "[t]he confidentiality of taxpayer information is by no means absolute." *Taylor v. United States*, 106 F.3d 833, 836 (8th Cir. 1997).  Section 6103 contains a number of exceptions, including one that permits the disclosure to state tax officials upon written request by the head of the state taxing authority for the purpose of administration of state tax laws.  26 U.S.C. § 6103(d).

The Internal Revenue Service "has entered into certain 'Agreements on Coordination of Tax Administration' with each of the fifty states and the District of Columbia."  *See*, *Long* 972 F.2d at 1178.  "The Agreement on Coordination is signed by the Commissioner of Internal Revenue . . . and the state's highest tax official....  It is the 'basic' agreement for achieving coordination of Federal and State tax administration under section 6103(d)."  *Smith v. United States*, 964 F.2d 630, 333 (7th Cir. 1992).  Courts have held time and again that this agreement constitutes the requisite authorization pursuant to 26 U.S.C. §  6103(d) for the Internal Revenue Service to disclose to, or permit inspection by, an agency representative of federal tax return information.  *See*, *Long* at 633 (Agreement on Coordination, standing alone, fulfills § 6103(d)'s written requirement); *Taylor*, 106 F.3d at 836 ("[d]isclosure of individual taxpayer information by the IRS to a state taxing authority via a standing written agreement that is carefully crafted to satisfy concerns for confidentiality implements rather than 'eviscerates' the will of Congress").

The plaintiff attempts to allege that the State of Hawaii, Hawakama, and Shioji received his confidential tax return information in the absence of the appropriate written agreement between the Internal Revenue Service and the State of Hawaii.  In addition to the fact that plaintiff's allegations are vague and conclusory such that they do not meet the requirements necessary to state a claim for relief, *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (May 21, 2007), plaintiff is simply wrong.

To the extent that Hamakawa and Shioji inspected or disclosed any of plaintiff's confidential tax return information, it was in the ordinary course and scope of their employment with the State of Hawaii and pursuant to the Agreement on Coordination between the two taxing authorities. This agreement and a related Memorandum of Implementation are available for the Court's review. As the Court will no doubt find, all of the requirements of 26 U.S.C. § 6103(d) are more than adequately satisfied by the two agreements.

Plaintiff's allegations against Hamakawa, Shioji, and the State of Hawaii are vague, conclusory, and incorrect. There has been no violation of 26 U.S.C. § 6103(d), and any review of plaintiff's confidential tax return information conducted by the defendants were done in accordance with the law. For these reasons, the Court should dismiss plaintiff's 26 U.S.C. § 7341 claims pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Plaintiff has no cause of action against the State of Hawaii under 26 U.S.C. § 7431 because the term "person" as used in the statute does not include a state or state agency. Furthermore, the State of Hawaii, pursuant to the sovereign immunity granted to it by the Eleventh Amendment, cannot be sued in federal court absent an express waiver by the State of its immunity or an abrogation of the State's right to immunity by Congress. Neither exception applies here. Additionally, Hamakawa and Shioji, who are residents of the State of Hawaii with no contacts to the District of Columbia, are not subject to this Court's *in personam* jurisdiction. Moreover, as employees who were acting in their official capacity on behalf of the State of Hawaii's Department of Taxation when the alleged unlawful disclosures and inspections of plaintiff's information took place, Hamakawa and Shioji are entitled to qualified immunity. Finally, since the review of the information at issue was lawfully performed as provided for in 26

U.S.C. § 6103(d), plaintiff's claims must be dismissed against the State of Hawaii, Hamakawa,

and Shioji.  Accordingly, this entire action against the State of Hawaii, Hamakaw, and Shioji

should be dismissed.


                                        Respectfully submitted,

Dated: June 29, 2007                    /s/ Charles M. Ruchelman
                                        CHARLES M. RUCHELMAN
                                        D.C. Bar No. 489902
                                        Caplin & Drysdale, Chartered
                                        One Thomas Circle, N.W.
                                        Suite 1100
                                        Washington, D.C. 20005
                                        Phone: (202) 862-7834
                                        Facsimile: (202) 429-3301
                                        Email: cmr@capdale.com

                                        Counsel for Defendants
                                        *State of Hawaii, Department of*
                                        *Taxation, Roy Hamakawa, and Marian*
                                        *Shioji*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL ROBERT MARSOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07-cv-00355-JDB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **AFFIDAVIT OF** |
| STATE OF HAWAII, DEPARTMENT OF | ) | **ROY HAMAKAWA** |
| TAXATION, ROY HAMAKAWA, | ) | |
| AS ACTING DISTRICT TAX MANAGER, | ) | |
| JOHN DOE, AKA "M. SHIOJI," PREPARER | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) ss.: |
| COUNTY OF HAWAII | ) |

ROY HAMAKAWA, being duly sworn states:

    1.    My name is Roy Hamakawa.  I am a resident of the State of Hawaii.  At the time that the above-captioned suit was filed, I was a resident of the State of Hawaii.  I am over 21 years of age and have personal knowledge of each of the facts stated herein.

    2.    I have never owned any property nor conducted any business in the District of Columbia.  I have never lived in the District of Columbia.

    3.    I am currently employed by the State of Hawaii, Department of Taxation ("DOT") as the District Tax Manager for the District of Hawaii Office.  I have held this position since December 18, 2006.  Prior to this time, I was the Acting District Tax Manager for the District of Hawaii Office.

1

4.    My duties and responsibilities as both District and Acting District Manager include supervising the Audit, Collections, and Taxpayer Services branches of my District.

5.    In the normal course and scope of my employment, I routinely review confidential tax return information pertaining to residents of the State of Hawaii.

6.    In the normal course and scope of my employment, I routinely review confidential tax information provided to the DOT by the Internal Revenue Service that concerns residents of the State of Hawaii.

7.    It was within the normal course and scope of my employment that I reviewed the confidential tax return information of Michael Marsoun, a resident of the State of Hawaii, provided to the DOT by the Internal Revenue Service.

8.    This review was necessary in order to ascertain Mr. Marsoun's Hawaii state tax liabilities.

9.    As a District Tax Manager for the State of Hawaii, I can confirm that there are written agreements in place that authorize and allow for the exchange of taxpayers' confidential tax return information between employees of the Internal Revenue Service and employees of the DOT (the "Written Agreements").

10.    It is my understanding and belief that Mr. Marsoun's tax information was provided to me in accord with the Written Agreements and that I have acted in accordance with the restrictions set forth in the Written Agreements.

ROY HAMAKAWA

SUBSCRIBED AND SWORN TO BEFORE ME, this 26 day of June, 2007, to certify which witness my hand and official seal.

(Notary Seal)

Teresa L Masuda
Notary Public
My commission expires:  11/12/2010

3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,      )
                                     )
        Plaintiff,         )
                                     )
      v.                  )   No. 1:07-cv-00355-JDB
                                     )
UNITED STATES OF AMERICA,      )   **AFFIDAVIT OF**
STATE OF HAWAII, DEPARTMENT OF  )   **MARIAN SHIOJI**
TAXATION, ROY HAMAKAWA,        )
AS ACTING DISTRICT TAX MANAGER,  )
JOHN DOE, AKA "M. SHIOJI," PREPARER  )
                                     )
        Defendants.     )

STATE OF HAWAII      )
                     ) ss.:
COUNTY OF HAWAII   )

MARIAN SHIOJI, being duly sworn states:

1.     My name is Marian Shioji. I am a resident of the State of Hawaii. At the time that the above-captioned suit was filed, I was a resident of the State of Hawaii. I am over 21 years of age and have personal knowledge of each of the facts stated herein.

2.     I have never owned any property nor conducted any business in the District of Columbia. I have never lived in the District of Columbia.

3.     I am currently employed by the State of Hawaii, Department of Taxation ("DOT") as a Tax Examiner. I have held this position since February, 1984.

4.     My duties and responsibilities as Tax Examiner include examining tax returns pertaining to residents of the State of Hawaii and preparing tax assessments.

5.     In the normal course and scope of my employment, I routinely review confidential tax return information pertaining to residents of the State of Hawaii.

1

6.    In the normal course and scope of my employment, I routinely review confidential tax return information provided to the DOT by the Internal Revenue Service that concerns residents of the State of Hawaii.

7.    It was within the normal course and scope of my employment that I reviewed the confidential tax return information of Michael Marsoun, a resident of the State of Hawaii, provided to the DOT by the Internal Revenue Service.

8.    This review was necessary in order to ascertain Mr. Marsoun's Hawaii state tax liabilities.

9.    As a Tax Examiner for the DOT, I can confirm that there are written agreements in place that authorize and allow for the exchange of taxpayers' confidential tax return information between employees of the Internal Revenue Service and employees of the DOT (the "Written Agreements").

10.    It is my understanding and belief that Mr. Marsoun's tax information was provided to me in accord with the Written Agreements and that I have acted in accordance with the restrictions set forth in the Written Agreements.

_____
MARIAN SHIQI

SUBSCRIBED AND SWORN TO BEFORE ME, this 26 day of June, 2007, to certify which witness my hand and official seal.

(Notary Seal)                          _____
                                       Notary Public
                                       My commission expires:  11/12/2010

3

# EXHIBIT C





**SEND / ENTER / JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HENRY F. JOHNSON, | Case No. CV 06-7457 ODW (FMOx) |
| Plaintiff, | ORDER GRANTING DEFENDANTS CYNTHIA JOHIRO AND CRAIG NAKAMA'S MOTION TO DISMISS |
| vs. | |
| RONALD K. KOTOSHIRODO, et al. | |
| Defendants. | |

## I.    INTRODUCTION

This is a bankruptcy fraud action, with other claims, arising out of Plaintiff's 2004 Hawaii bankruptcy case.  The matter is before the Court on Defendants Cynthia Johiro and Craig Nakama's ("J&N") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 12(b)(7) and the qualified immunity doctrine, filed on March 29, 2007.  On May 7, 2007, Plaintiff Johnson filed an Opposition, to which Defendants timely filed a Reply Brief.  After review of the parties' submissions and the case file, as well as the arguments advanced by counsel at the hearing, the Court hereby GRANTS the

1 | Motions to Dismiss as to all defendants.

2

3 | II.    FACTUAL BACKGROUND

4 | Plaintiff was the president and chief executive officer of International

5 | Resource Recovery, Inc. ("IRR"), a waste disposal company. IRR performed

6 | refuse disposal services for the Hawaii Department of Education and the United

7 | States of America at certain Hawaii military bases. On April 22, 2004, Plaintiff,

8 | on behalf of IRR, filed for Chapter 11 Bankruptcy in the Hawaii Bankruptcy

9 | Court. During the bankruptcy case, the United States moved to appoint a trustee

10 | on the grounds that IRR was not timely filing returns and paying current

11 | post-petition taxes. The Hawaii Bankruptcy Court granted the motion and

12 | appointed Ronald Kotoshiroda as the Chapter 11 trustee.

13 | The appointment of the trustee ousted Plaintiff from any role in the

14 | management of IRR, because, under section 1108 of the Bankruptcy Code, the

15 | trustee was authorized to operate the business. 11 U.S.C. § 1108. While the

16 | trustee was running the company, the Department of Education contracts were

17 | canceled due to a number of defaults. The trustee sold the only remaining

18 | contracts to Disposable Solutions, Inc., another waste disposal company and a

19 | defendant in this action. Then, the trustee moved to convert the Chapter 11

20 | proceeding to one under Chapter 7 *nunc pro tunc* on September 30, 2005. The

21 | Bankruptcy Court granted the trustee's motion. IRR's Chapter 7 bankruptcy

22 | proceeding is still pending in the Hawaii court.

23 | On November 21, 2006, Plaintiff, appearing *pro se*, instituted this action by

24 | filing his complaint for damages for bankruptcy fraud, violation of his rights under

25 | the Commerce Clause, Contract Clause, 13th and 14th Amendments of the U.S.

26 | Constitution, wrongful termination, fraud, coercion, racketeering, and unfair

27

28 | 2

1  business practices, all relating to IRR's Hawaii bankruptcy case.

2      Defendant Johiro is a deputy attorney general for the state of Hawaii,

3  employed within the Tax Division of the Department of the Attorney General.

4  Johiro represented the Department of Taxation in connection with IRR's

5  bankruptcy case.  Defendant Nakama is an auditor employed by the State of

6  Hawaii Department of Taxation.  Nakama was responsible for auditing IRR and

7  issuing assessments during its bankruptcy proceeding.

8      In their instant motion, Defendants J&N request this Court to dismiss all

9  claims asserted against them in Plaintiff's First Amended Complaint ("FAC").

10 Defendants J&N assert four separate and independent grounds for dismissal.  First,

11 J&N argue there is no personal jurisdiction in California as they are both Hawaii

12 residents.  Second, Defendants J&N assert that Plaintiff's claims are barred by the

13 doctrine of qualified immunity.  Third, the FAC fails to state a claim upon which

14 relief may be granted.  Finally, Defendants J&N allege that the FAC must be

15 dismissed because Ronald Kotoshirodo, the bankruptcy trustee for Plaintiff's

16 company and primary defendant in this action, is an indispensable party who

17 Plaintiff has been enjoined from suing by the U.S. Bankruptcy Court for the

18 District of Hawaii.

19

20 III.   DISCUSSION

21     A.   **Personal Jurisdiction**

22     The first argument set forth in Defendants J&N's instant motion is that the

23 Court lacks personal jurisdiction over Defendants J&N.  The Ninth Circuit Court

24 of Appeals, in evaluating the jurisdiction of a California federal district court,

25 stated that:

26     Where, as here, there is no applicable federal statute governing personal
       jurisdiction, the district court applies the law of the state in which the
27

28                                          3

district court sits. (Citation).    Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. (Citation). For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004)

(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Here, Plaintiff has not presented any evidence to fulfill the minimum

contacts requirements of Int'l Shoe. Accordingly, this Court lacks personal

jurisdiction over Defendants J&N who are Hawaii residents.

**B.    Qualified Immunity**

Because this Court lacks personal jurisdiction over Defendants J&N, it is

not necessary to give a detailed analysis of the qualified immunity argument.

However, at first glance the argument is backed by solid legal authority. "The

qualified immunity doctrine protects government officials from liability for civil

damages 'insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known.'"  Newell v.

Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (quoting Harlow v. Fitzgerald, 457 U.S.

800, 818 (1982)).

Here, Plaintiff's FAC generally states that Plaintiff's constitutional rights

were violated. However, the FAC fails to allege what actions by any of the

defendants constitute such violations. Even if the FAC alleges certain statutory

and constitutional violations, it does not "clearly establish" the violations in a

particularized manner toward particular defendants as is required to overcome the

qualified immunity doctrine. See Anderson v. Creighton, 483 U.S. 635, 640

(1987). Accordingly, Defendants J&N's motion to dismiss could be granted as to

the qualified immunity argument as well.

4

1

   **C.    Failure to State a Claim Upon Which Relief can be Granted**

2       A motion to dismiss tests the legal sufficiency of the claim stated in the

3  complaint. Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003); see also

4  Fed. R. Civ. P. 12(b)(6). "[A] claim should not be dismissed for failure to state a

5  claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

6  support of his claim which would entitle him to relief." Conley v. Gibson, 355

7  U.S. 41, 45-46 (1975); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484

8  (9th Cir. 1995). A Rule 12(b)(6) motion is granted where there is either a lack of a

9  cognizable legal theory or the plaintiff fails to allege sufficient facts to support a

10 cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

11 Cir. 1990).

12      Here, as Defendants J&N argue in their moving papers, Defendant Nakama

13 is mentioned in the caption of the FAC, but the FAC itself contains not a single

14 allegation against him, much less one that states a claim upon which relief may be

15 granted. The allegations against Johiro appear in the "Third Cause of Action"

16 titled "Constitutional Rights Violation." Johiro is mentioned in paragraph 22 as

17 "State Attorney General Counsel," but it is unclear as to what claim is actually

18 being brought against her. Again, since the Court lacks personal jurisdiction, it is

19 unnecessary to decide the 12(b)(6) issue. However, from a cursory examination of

20 the FAC, Defendants J&N's motion would likely be granted on this argument also.

21    **D.    Indispensable Party Under Rule 12(b)(7)**

22      Rule 12(b)(7) is based on a plaintiff's "failure to join a party under Rule 19."

23 See Fed. R. Civ. P. 12(b)(7). Rule 19 "establishes a two-step analysis for

24 determining who should be joined in a given action. The first step, set forth in

25 subsection (a), determines which persons should be joined, if joinder is feasible."

26 Aguilar v. Los Angeles County, 751 F.2d 1089, 1091-92 (9th Cir. 1985). "The

27

28                                    5

1  second step of the Rule 19 analysis, set forth in subdivision (b), determines

2  whether the action should be dismissed or proceed without the party if joinder is

3  not feasible. Subsection (b) does not apply until the subsection (a) determinations

4  are made." Id. at 1092 (citing <u>Bakia v. County of Los Angeles</u>, 687 F.2d 299, 301

5  (9th Cir.1982).

6          Rule 19(a) provides, in relevant part:

7          A person who is subject to service of process and whose joinder will not
          deprive the court of jurisdiction over the subject matter of the action
8          shall be joined as a party in the action if (1) in the person's absence
          complete relief cannot be accorded among those already parties, or (2)
9          the person claims an interest relating to the subject of the action and is
          so situated that the disposition of the action in the person's absence may
10         (i) as a practical matter impair or impede the person's ability to protect
          that interest or (ii) leave any of the persons already parties subject to a
11         substantial risk of incurring double, multiple, or otherwise inconsistent
          obligations by reason of the claimed interest.

12  Fed. R. Civ. P. 19(a).

13         Rule 19(b) provides that if a necessary party under Rule 19(a) "cannot be

14  made a party, the court shall determine whether in equity and good conscience the

15  action should proceed among the parties before it, or should be dismissed, the

16  absent person thus being regarded as indispensable." Fed.R.Civ.P. 19(b).

17         Here, the trustee is a necessary and indispensable party to the action because

18  a judgment in this action would not only prejudice the trustee, but also the parties

19  still involved.  Additionally, the other defendants would have cross-claims or

20  claims for contribution or indemnification against the trustee as the alleged

21  primary wrongdoer in this action and would, therefore, be prejudiced by the

22  trustee's absence from this action.  Plaintiff is not without a remedy if the FAC is

23  dismissed for failure to joint the trustee, because the action can be filed in the

24  Hawaii Bankruptcy Court as the Plaintiff is not enjoined from suing the trustee in

25  that court.  Accordingly, this Court finds that the trustee is a necessary and

26  indispensable party whose joinder is not feasible.

27

28                                        6

1    In addition, the Court "may properly on its own motion dismiss an action as

2 to defendants who have not moved to dismiss where such defendants are in a

3 position similar to that of [the] moving defendants or where claims against such

4 defendants are integrally related."  Silverton v. Dep't of Treasury of U.S. of

5 America, 644 F.2d 1341, 1345 (9th Cir. 1981).  The Court's authority in this

6 regard includes *sua sponte* dismissal as to defendants who have not been served

7 and those who have not yet answered or appeared.  Ricotta v. State of Cal., 4 F.

8 Supp. 2d 961, 968 n.7 (S.D. Cal. 1998); Bach v. Mason, 190 F.R.D. 567, 571, 571

9 n.7 (D. Idaho 1999).

10

11   IV.    CONCLUSION

12    Based on the above analysis, Defendants J&N's Motion to Dismiss is

13 hereby GRANTED.  In addition, this Court dismisses the action as to all

14 defendants given the above finding with regard to Rule 12(b)(7).

15

16

17 DATED:    June 25, 2007

18

19

20

21                     Hon. Otis D. Wright II
                       United States District Judge

22

23

24

25

26

27

28                              7