IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ROBERT MARSOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 1:07-cv-00355-JDB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| STATE OF HAWAII, DEPARTMENT OF ) | |
| TAXATION, ) | |
| ROY HAMAKAWA, AS ACTING ) | |
| DISTRICT MANAGER, ) | |
| JOHN DOE, AKA "M. SHIOJI," PREPARER ) | |
| ) | |
| Defendants. ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO
UNITED STATES' MOTION TO DISMISS**

　　This is a suit brought under 26 U.S.C. § 7431, inter alia, in an attempt to recover damages allegedly caused by disclosing confidential return information.

STATEMENT

　　On June 8, 2007, the United States filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On October 10, 2007, Plaintiff filed a response to the United States' motion to dismiss. Defendants, the State of Hawaii, Department of Taxation, Roy Hamakawa, and Marian Shioji also moved to dismiss this action; Plaintiff has not filed a response to this motion.

2801210.1

This reply brief addresses only those points raised in Plaintiff's response that warrant response. With respect to those points not discussed herein, the United States relies upon its memorandum in support of the motion to dismiss.

In his response, Plaintiff alleges that the United States is using 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431. Plaintiff also suggests that the United States is inappropriately citing *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485 (9th Cir. 1991). Finally, Plaintiff states that neither section 7431 nor section 7433 address the legitimacy or validity of the underlying collection activity.

## ARGUMENT

**I. Although Section 7433 and Section 7431 Coexist, Plaintiff's Only Possible Avenue of Recourse Is Section 7433.**

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions, e.g., serving notices of levy, are subsumed within this exclusive remedy. In *Shwarz v. United States*, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. *Shwarz v. United States*, 234 F.3d 428 (9th Cir. 2000). This Court recently concurred with the holding in *Shwarz* and the exclusivity of section 7433. *Glass v. United States*, 480 F. Supp. 2d 162, 165 (D.D.C. 2007) ("§ 7433 bars claims under § 7431 when the alleged IRS disclosures involve federal tax collection activity"); *Powell v. United States*, 478 F. Supp. 2d 66, 67 (D.D.C. 2007) ("[G]iven

the plain language of § 7433 (which was added after § 7431 was enacted) the Court concludes that the statute provides the sole remedy for claims of unauthorized disclosure made in the course of collection activity."); *Evans v. United States*, 478 F. Supp. 2d 68, 71 (D.D.C. 2007) ("§ 7433 bars a claim under § 7431 where the alleged IRS disclosure is 'in connection with any collection of Federal tax.'"); *Koerner v. United States*, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."); *Ross v. United States*, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) ("This Court...concludes that, based on the plain language of section 7433(a) and its legislative history, section 7433 bars plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutes].").

Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431 nor is it arguing that the two sections do not coexist. Rather, it is the position of the United States that Plaintiff's remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433.

II. **The United States Cites the Holding in *Schrambling* Correctly**

The United States disagrees with Plaintiff's suggestion that it is inappropriately citing *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485 (9th Cir. 1991). Section 7431 and section 7433 provide civil damages when there is a negligent or willful violation of section 6103. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be

confidential, and that, except as authorized, such information shall not be disclosed. In *Schrambling* one of the issues before the court was whether information included in notices of federal tax lien was confidential within the meaning of 26 U.S.C. § 6103 or if upon filing the federal tax lien with the county recorder, the information it contained was no longer confidential and could be disclosed again without regard to section 6103. *Id.* at 1486, 1489.

The issue in the instant matter is obviously not identical to those faced by the Ninth Circuit in *Schrambling*. However, the Ninth Circuit held that the recording of a federal tax lien in the county recorder's office places information in the federal tax liens in the public domain and stated that the disclosure of information by recording the federal tax lien was provided for statutorily. *Id.* at 1488, 1490.

**III.   Neither Section 7433 nor Section 7431 Addresses the Validity of the Lien**

The United States agrees with Plaintiff that neither section 7433 nor section 7431 addresses the underlying assessments and the validity of the lien. "[W]hether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." *Elias v. United States*, 1990 WL 264722, at *5; *accord, Mann v. United States*, 204 F.3d at 1020 ("We … agree with *** the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure be valid before the safe harbor of § 6103(k)(6) applies."); *Wilkerson v. United States*, 67 F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports the *** contention that the validity of the underlying

collection activity is irrelevant in determining whether a disclosure is wrongful."); *Venen v. United States*, 38 F.3d 100, 106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to whether disclosure is authorized under section 6103."); *Bleavins v. United States*, 807 F. Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103."), *aff'd*, 998 F.2d 1016 (7th Cir. 1993) (table); *Tomlinson v. United States*, 1991 WL 338328, *3 (W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying lien is irrelevant), *aff'd*, 977 F.2d 591 (9th Cir. 1992); *Flippo v. United States*, 670 F. Supp. 638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue."), *aff'd,* 849 F.2d 604 (4th Cir. 1988); *cf.,* 26 C.F.R. § 301.6103-1T(c)(2)[Example] ("The ultimate validity of the underlying levy is irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".).

## CONCLUSION

For the above stated reasons, the United States' motion to dismiss should be granted.

DATE: October 15, 2007

                          Respectfully submitted,

                           /s/ Nicole M. Stoduto
                          NICOLE M. STODUTO
                          Trial Attorney, Tax Division
                          U.S. Department of Justice
                          Post Office Box 227
                          Washington, D.C. 20044
                          Telephone: (202) 616-9785

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I certify that on October 15, 2007, I electronically filed the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

> Charles M. Ruchelman
> CAPLIN & DRYSDALE, CHARTERED
> One Thomas Circle, NW
> Suite 1100
> Washington, DC 20005.

I further certify that on October 15, 2007, the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiff *pro se* by depositing a copy thereof in the United States' mail, postage prepaid, addressed as follows:

> Michael Robert Marsoun
> Plaintiff *pro se*
> 74-5533 Luhia Street, Suite B-1A-393
> Kailua-Kona, Hawaii 96740.

/s/ Nicole M. Stoduto
NICOLE M. STODUTO