**RECEIVED**

OCT 18 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Michael Robert Marsoun )
 ) CASE NO. 07-0355 (JDB)
vs, )
 ) RESPONSE TO STATE OF HAWAII,
UNITED STATES ) DEPARTMENT OF TAXATION MOTION
 ) TO DISMISS
 )
 )

Defendant STATE OF HAWAII asserts that this action against DEPARTMENT OF TAXATION should be dismissed on the basis that the doctrine of sovereign immunity deprives the Court of jurisdiction, and, as against DEPARTMENT OF TAXATION and individual defendants HAMAKAWA and SHIOJI, for failure to state a claim. Addressing these assertions in their given order:

To the extent that STATE OF HAWAII is asserting sovereign immunity as a basis for a 12(b)(1) dismissal for DEPARTMENT OF TAXATION, its 12(b)(3) argument, e.g., that "defendants' review...was lawfully performed under Title 26 U.S.C. § 6103(d)" is self-defeating.

Title 26 U.S.C. § 6103(b)(9) unambiguously states:

> The term "Federal agency" means an agency within the meaning of section 551 (1) of title 5, United States Code.

Title 5 U.S.C. § 551(1) excludes, from the definition of "Federal agency", only "(C) the governments of *the territories or possessions* of the United States;" not, States

"admitted to the United States of America". State(s) "in this Union" under Article IV, § 4 of the United States Constitution are politically, and legally, distinctly different from "*territories or possessions* of the United States". *Cf. Hooven & Allison Co. v. Evatt*, 324 U.S. 652 (1945), at 671/2:

> The term 'United States' may be used in any one of several senses. It may be merely the name of a sovereign occupying the position analogous to that of other sovereigns in the family of nations. It may designate the *territory over which the sovereignty of the United States ex-* [324 U.S. 652, 672] *tends*, <u>or it may be the collective name of the states which are united by and under the Constitution</u>.

*See also:* Balzac v. Porto Rico, 258 U.S. 298 (1921).

For purposes of 26 U.S.C. § 6103, STATE OF HAWAII DEPARTMENT OF TAXATION is "'Federal agency", notwithstanding out-of-circuit citations to the contrary; STATE OF HAWAII's sovereign immunity as one of the <u>states which are united by and under the Constitution</u> simply does not apply in this instance.

Further, by asserting that "defendants' review...was lawfully performed under Title 26 U.S.C. § 6103(d)", the applicability of that section of the Internal Revenue Code is necessarily conceded. In that regard, "defendants' review...[can be]...lawfully performed under Title 26 U.S.C. § 6103(d)", in the express language of the statute

> "...only upon written request by the head of such agency, body, or commission, and only to the representatives of such agency, body, or commission designated in such written request as the individuals who are to inspect or to receive the returns or return information on behalf of such agency, body, or commission."

Defendant's conclusory assertion that "defendants' review...was lawfully performed under Title 26 U.S.C. § 6103(d)" is an affirmative defense of fact to be determined upon evidence notably lacking; no declaration (sic) of any defendant can

supplant the Congressionally mandated "...written request by the head of such agency, body, or commission...", nor can such self-serving "declaration" suffice to identify "...the representatives of such agency, body, or commission *designated in such written request*..." as Congress expressed in Title 26 U.S.C. § 6103(d) (emphasis added).

The foregoing pertains with equal force to individual defendants HAMAKAWA and SHIOJI. In the absence of any evidence (other than self-serving "declarations") that individual defendants HAMAKAWA and SHIOJI are, in fact, "...representatives of such agency, body, or commission designated in such written request..." as Congress expressed in Title 26 U.S.C. § 6103(d), the conclusory assertion that "defendants' review...was lawfully performed under Title 26 U.S.C. § 6103(d)" is an affirmative defense which cannot and should not be acceptable as grounds for a 12(b)(3) dismissal.

To the extent that the MTD seeks the Court's consideration of "matters outside the pleadings", the MTD is in the nature of a Motion for Summary Judgment, the Court should note that the material fact of "...defendants' review..." has been admitted. To that extent, there appears to be no genuine dispute as to such material fact, and Plaintiff is entitled as a matter of law to judgment.

**WHEREFORE**, plaintiff requests that defendant's motion to dismiss be denied.

Dated _Oct. 11_, 2007

_/s/_

Michael Robert Marsoun

copies mailed this /2 day of October, 2007, to:

Charles H. Ruchelman
DC Bar # 489902
Caplin & Drysdale, Chartered
One Thomsa Circle, NW
Washington, D.C. 20005