IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ROBERT MARSOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-cv-00355-JDB |
| ) | |
| UNITED STATES OF AMERICA, AND ) | |
| STATE OF HAWAII, DEPARTMENT OF ) | |
| TAXATION, AND ROY HAMAKAWA, ) | |
| ACTING DISTRICT TAX MANAGER, AND ) | |
| JOHN DOE, AKA "M. SHIOJI," PREPARER ) | |
| ) | |
| Defendants. ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OF STATE OF HAWAII, DEPARTMENT OF TAXATION, ROY HAMAKAWA, AND MARIAN SHIOJI

This is an action under 26 U.S.C. § 7431 alleging the unlawful disclosure and inspection of confidential tax return information. Plaintiff seeks statutory and/or actual and punitive damages from the United States government and Hawaii for the alleged violations.

### STATEMENT

On June 29, 2007, defendants, the State of Hawaii, Department of Taxation, Roy Hamakawa, and Marian Shioji (the "Hawaii Defendants") filed a Motion to Dismiss plaintiff's complaint ("Motion to Dismiss"). The United States of America, a co-defendant, previously filed a separate motion. On August 23, 2007, the Court ordered plaintiff to respond to both motions no later than September 6, 2007. Plaintiff sought and was granted an enlargement of time until October 3, 2007, in which to file his responses. Despite the enlargement of time, plaintiff filed a late response to the United States' motion on October 10, 2007, and a late response to the Motion to Dismiss on October 18, 2007.

Plaintiff has failed to respond to most of the Hawaii Defendants' arguments for dismissal. These arguments are: (1) this Court lacks subject matter jurisdiction over an action brought pursuant to 26 U.S.C. § 7431 where the State of Hawaii is not a "person" for purposes of this statute; (2) this Court lacks personal jurisdiction over the individual state employees; and (3) plaintiff has failed to state a claim for which relief can be granted because the doctrine of qualified immunity applies. Since plaintiff failed to respond to these arguments in his Opposition, the Court should treat the arguments as conceded. *See*, Local Rule 7(b).

Instead, it appears that plaintiff chose to respond to only two arguments of the Hawaii Defendants: (1) this Court lacks subject matter jurisdiction where the State of Hawaii has not waived sovereign immunity from this type of suit, and (2) this case should be dismissed for failure to state a claim upon which relief can be granted because defendants' review of the subject material was lawfully performed under 26 U.S.C. § 6103(d).

## ARGUMENT

### A.   RESPONSE TO PLAINTIFF'S FIRST ARGUMENT

In his response to the Motion to Dismiss, plaintiff argues that the State of Hawaii is not entitled to invoke the defense of sovereign immunity for purposes of 26 U.S.C. § 7431 because the State of Hawaii is not a "state." Plaintiff postulates that the State of Hawaii is a "Federal Agency" as defined by 26 U.S.C. § 6103(b)(9), which provision refers to 5 U.S.C. § 551(1). Plaintiff's argument tries to bootstrap the State of Hawaii into the category of a federal defendant (*i.e.*, the United States) that has waived sovereign immunity to this type of action. Plaintiff's argument that the State of Hawaii is not a "state" is simply frivolous.

Hawaii was admitted to the United States as the fiftieth state in 1959. *See*, Hawaii Admission Act, Pub. L. No. 86-3, 73 Stat. 4 (1959). The Court could take judicial notice of this

fact alone. Moreover, although few courts have ruled on the plaintiff's flawed interpretation of 5 U.S.C. § 551(1), those that have, have uniformly agreed the statute does not encompass state governments or agencies created by the states. *See, e.g.*, *St. Michael's Convalescent Hospital v. State of California*, 643 F.2d 1369, 1373 (9th Cir. 1981); *Schultz v. Elmer*, 1992 WL 52521, *1 (D.D.C. 1992); and *Fund for Animals, Inc. v. Florida Game and Fresh Water Fish Comm'n*, 550 F. Supp. 1206, 1208 (S.D. Fla. 1982). Plaintiff's first argument should be summarily dismissed. Hawaii is a "State" and not a "Federal Agency." As such, it is entitled to the defense of sovereign immunity.

**B.   RESPONSE TO PLAINTIFF'S SECOND ARGUMENT**

Plaintiff's second argument is equally flawed. Specifically, plaintiff argues that the Court cannot rely on the declarations from defendants Hamakawa and Shioji (*see,* Hawaii Defendants' Motion to Dismiss, Exhibits A and B) in determining whether the plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's characterization of the purpose for which the declarations were offered is "off the mark." The Hawaii Defendants utilized the declarations of defendants Hamakawa and Shioji only to support the motion to dismiss for lack of personal jurisdiction. As stated previously, plaintiff failed to respond to this motion.

Plaintiff contends that submission of the declarations demonstrate that a factual inquiry is necessary to determine whether the sharing of information between the Internal Revenue Service and the State of Hawaii was proper under 26 U.S.C. § 6103(d). Plaintiff's argument cannot overcome a motion to dismiss. Plaintiff has provided no grounds to support his allegation that the information provided to the State of Hawaii violated 26 U.S.C. § 6103. Plaintiff's allegations are vague, conclusory, and insufficient to meet the requirements necessary to state a claim for relief. *See, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (May 21, 2007).

The Court can unequivocally determine the infirmities of plaintiff's allegations and claims for relief from the four corners of the Complaint. The Court need not consider the declarations, which were offered for purposes of the motion to dismiss for lack of personal jurisdiction, or any other evidence to arrive at this conclusion. Further, plaintiff's Complaint is completely bereft of a specific allegation pertaining to the propriety of the Hawaii Defendants' review of information under 26 U.S.C. § 6103(d).[1] Consequently, plaintiff's second argument is without merit.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss should be granted.

Date:  October 23, 2007

Respectfully Submitted,

/s/ Charles M. Ruchelman
CHARLES M. RUCHELMAN
D.C. Bar No. 489902
Caplin & Drysdale, Chartered
One Thomas Circle, N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-862-7834
Email: cmr@capdale.com

Counsel for Defendants
*State of Hawaii, Department of Taxation, Roy Hamakawa, and Marian Shioji*

---

[1] With respect to the Hawaii Defendants, plaintiff has set up a hypothetical situation where a violation is alleged to occur "in the absence of a written agreement." Complaint at ¶¶ 4.C., 6.B., and 6.C. However, plaintiff has not alleged that a "written agreement" satisfying 26 U.S.C. § 6103(d) is not present.

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing REPLY was caused to be served on the 23rd day of October, 2007, by the Electronic Court Filing System and by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Michael Robert Marsoun
> Plaintiff *pro se*
> 74-5533 Luhia Street, Suite B-1A-393
> Kailua-Kona, Hawaii 96740
>
> Nicole M. Stoduto
> Trial Attorney, Tax Division
> U.S. Department of Justice
> Post Office Box 227
> Washington, D.C. 20044

October 23, 2007

> /s/ Charles M. Ruchelman
> CHARLES M. RUCHELMAN
> D.C. Bar No. 489902
> Caplin & Drysdale, Chartered
> One Thomas Circle, N.W.
> Suite 1100
> Washington, D.C. 20005
> Phone: (202) 862-7834
> Facsimile: (202) 429-3301
> Email: cmr@capdale.com
>
> Counsel for Defendants
> *State of Hawaii, Department of Taxation, Roy Hamakawa, and Marian Shioji*