## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL ROBERT MARSOUN,

      **Plaintiff,**

      **v.**

UNITED STATES OF AMERICA, et al.,

      **Defendants.**

Civil Action No.  07-0355 (JDB)

## MEMORANDUM OPINION

Plaintiff seeks damages against the United States pursuant to 26 U.S.C. § 7431(a)(1) based on alleged unlawful disclosures of confidential tax return information by the Internal Revenue Service ("IRS") when it caused notices of federal tax liens against plaintiff to be recorded in the public record and disclosed information to the State of Hawaii and its agents.  See Compl. ¶¶ 4-5.[1] Plaintiff also seeks damages against the State of Hawaii, the Hawaii Department of Taxation, and two of its employees (collectively, "State defendants") for allegedly inspecting and disclosing his confidential tax return information.  Id. ¶¶ 4-6.  The United States and the State defendants have each moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.  The two state employees, Roy Hamakawa and Marian Shioji, also have moved to dismiss for lack of personal jurisdiction.[2]

---

[1]  The Court notes that plaintiff refiled his complaint on March 5, 2007 -- a complaint identical to his original complaint, with the addition of his address and phone number in the caption.  The record is unclear as to which complaint was served on defendants, but because they are in all other respects identical, the Court will treat the motions as addressing both.

[2]  For ease of reference, the Court will refer to the memorandum in support of the United States motion to dismiss as "United States' Mem." and the memorandum in support of the motion of the State defendants as "State Defs.' Mem."

## BACKGROUND

Plaintiff alleges that, without evidence of lawful tax assessments, the IRS recorded notices of federal tax liens against plaintiff with the County Recorder in Orange County, California, on May 15, 1994, and February 11, 1998, and with the Department of Land and Natural Resources Bureau of Conveyances in Honolulu, Hawaii on various dates in 2005 and 2006.  See Compl. ¶ 5.  Each notice asserts that "taxes . . . have been assessed against" plaintiff and that the tax "remains unpaid," and declares a lien in favor of the United States against the property.  See Compl., Exhibits A, B, C-2, D-2, and E-2.[3]  Plaintiff further alleges that six IRS employees disclosed unidentified confidential information to the State of Hawaii Department of Taxation and the Acting District Tax Manager Roy Hamakawa in the absence of a written agreement required by the Internal Revenue Code, and that Hamakawa, in turn, unlawfully inspected and disclosed that information to another employee, M. Shioji.  Compl. ¶ 6.  As a result of the alleged unlawful inspections and disclosures, plaintiff alleges that he has suffered substantial mental and emotional distress and has been exposed to the risk of identity theft. Id. ¶¶ 7-9.

Pursuant to 26 U.S.C. § 7431, plaintiff seeks damages in the amount of $1,000 for each disclosure and punitive damages in an amount yet to be determined.  Id. ¶¶ 19-20.  This provision of the Internal Revenue Code creates a damages action for unlawful disclosures of confidential tax return information, and states, in relevant part:

> (1) Inspection or disclosure by employee of United States. -- If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of

---

[3]  The IRS notices attached to plaintiff's complaint are considered incorporated by reference therein.  See Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006).

any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

(2) Inspection or disclosure by a person who is not an employee of United States. -- If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against such person in a district court of the United States.

Section 6103, in turn, provides that tax returns and return information shall be kept confidential subject to several enumerated exceptions.  26 U.S.C. § 6103.

A separate provision of the Internal Revenue Code, 26 U.S.C. § 7433, authorizes a damages action for unlawful collection actions by the IRS.  That provision states:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).  Thus, a violation of section 6103 (unauthorized disclosure of confidential information) "in connection with any collection of Federal tax" is actionable under section 7433. It bears noting that plaintiff has filed a separate complaint against the United States seeking damages under section 7433 for allegedly disregarding the Internal Revenue Code "while engaged in collection activity" against plaintiff.  See Marsoun v. United States, No. 07-2078 (D.D.C. filed Nov. 13, 2007).

## STANDARD OF REVIEW

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see

Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact. Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences that are unsupported by the facts set out in the complaint. Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Here, defendants' contention that plaintiff is precluded from bringing the right of action created by 26 U.S.C. § 7431 does not present a jurisdictional issue because it concerns the boundaries of the right of action under section 7431 in light of section 7433, in contrast to a statutory provision speaking to the jurisdiction of the district courts. See Arbaugh v. Y&H Corp., 126 S. Ct. 1235, 1245 (2006) ("when Congress does not rank a statutory limitation as . . . jurisdictional, courts should treat the restriction as non-jurisdictional in nature"); see also Trudeau, 456 F.3d at 188, 191 (observing that whether a statute authorizes a cause of action presents a question of whether plaintiff states a claim upon which relief can be granted, rather than jurisdiction). Hence, this aspect of defendants' motions is best characterized as seeking dismissal for failure to state a claim upon which relief can be granted.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is mindful that all that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286.  Instead, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp., 127 S. Ct. at 1965 (citations omitted).

On the matter of personal jurisdiction over the two State employees, however, plaintiff's burden is greater.  Plaintiff bears the burden of establishing personal jurisdiction, and must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations.  See Mwani v. Bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005); Crane v. New York Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). When considering personal jurisdiction, the Court need not treat all of the plaintiff's allegations as true.  Instead, the court "may receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts."  United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n. 4 (D.D.C. 2000); see also Capital Bank Int'l, Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 74 (D.D.C. 2003).  When receiving such materials in the absence of an evidentiary hearing, the Court is to resolve factual discrepancies in favor of the plaintiff.  Mwani, 417 F.3d at 7; Crane, 894 F.2d at 456.

## ANALYSIS

### I.    United States' Motion to Dismiss

The United States contends that plaintiff's complaint must be dismissed because 26 U.S.C. § 7433 provides the exclusive remedy for allegedly unauthorized or improper collection

actions by the IRS, including those collection actions involving unlawful disclosures of confidential tax return information.  See United States' Mem. at 6-10.  Plaintiff responds that the United States has, in effect, asked the Court to take on the legislative task of modifying the right of action set forth in section 7431.  Pl.'s Opp. at 1-2.  The Court refers the parties to its analysis of this issue in Evans v. United States, 478 F. Supp. 2d 68 (D.D.C. 2007), and Martin v. United States, No. 06-1624, 2007 WL 891666, at *2-4 (D.D.C. Mar. 21, 2007), which concluded that similarly situated plaintiffs alleging unlawful disclosures of confidential tax return information in connection with tax collection activity did not state a legally cognizable claim under 26 U.S.C. § 7431.  The Court adopts that reasoning in finding that plaintiff in this case also is precluded from bringing an action under section 7431.

Stated succinctly, the plain language of 26 U.S.C. § 7433 precludes a plaintiff from bringing an action for unlawful disclosure of confidential information under section 7431 where the alleged disclosure occurs "in connection with any collection of Federal tax."  Evans, 478 F. Supp. 2d at 71-72; Martin, 2007 WL 891666, at *2-4.  This follows from the language in section 7433 broadly authorizing a damages action where the IRS "in connection with any collection of Federal tax . . . recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title," and in the same subsection providing that, with an exception not relevant here,[4] "such civil action shall be the exclusive remedy for recovering damages resulting from such actions."  26 U.S.C. § 7433(a) (emphasis added); see Evans, 478 F. Supp. 2d at 71-72.  Indeed, every judge of this Court who has considered the issue has concluded that disclosures of tax return information made in connection with the collection of

---

[4]  The exclusivity provision in section 7433 makes an exception for an action under section 7432 -- one seeking civil damages in certain circumstances based on IRS failure to release a lien.

a federal tax are not actionable under section 7431. See Wesselman v. United States, 498 F. Supp. 2d 326, 327 (D.D.C. 2007) (Huvelle, J.); Miller v. United States, 496 F. Supp. 2d 129, 132 (D.D.C. 2007) (Urbina, J.); Powell v. United States, 478 F. Supp. 2d 66, 67-68 (D.D.C. 2007) (Leon, J.); Rhodes v. United States, No. 06-1840, 2007 WL 3196483, at *2-3 (D.D.C. 2007) (Sullivan, J.); see also Shwarz v. United States, 234 F.3d 428, 432-33 (9th Cir. 2000). Furthermore, disclosure of tax return information in an IRS notice of federal tax lien -- the type of disclosure alleged by plaintiff -- is necessarily "in connection with . . . collection of Federal tax." See Evans, 478 F. Supp. 2d at 72 ("IRS notices of tax liens [are] a tax collection activity"); Martin, 2007 WL 891666, at *4 (same); Koerner v. United States, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) (same). In light of the exclusivity provision of section 7433, even assuming all of plaintiff's factual allegations to be true, the complaint therefore fails to state a claim upon which relief can be granted under section 7431 with respect to the allegations concerning the notices of federal tax liens.

All that is left of plaintiff's claims against the United States, then, is that six IRS employees "disclosed confidential information to [the] State of Hawaii, Department of Revenue, and/or Roy Hamakawa, Acting District Tax Manager, and/or to John Doe, aka 'M. Shioji,' Preparer, in the absence of a written agreement . . . ." See Compl. ¶ 5(F). But this conclusory allegation is wholly devoid of the minimum factual allegations necessary to meet the notice pleading requirements of Fed. R. Civ. P. 8(a). A plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp., 127 S. Ct. at 1964-65; see also Papasan, 478 U.S. at 286. Plaintiff's allegation that the IRS employees "disclosed confidential information" to the State "in the absence of a written agreement" is nothing more than a recitation of language from statutory provision governing IRS disclosures to

States, 26 U.S.C. § 6103(d), in contrast to "factual allegations [that] raise a right to relief above the speculative level."  See Bell Atl. Corp., 127 S. Ct. at 1965.  Therefore, this part of the complaint also fails to state a claim upon which relief can be granted.[5]

Defendant United States makes much of whether plaintiff's claim should be construed as a claim for damages under 26 U.S.C. § 7433, and then dismissed for failure to exhaust administrative remedies.  See United States' Mem. at 8-10; see also Pl.'s Opp. at 3-12.  Nothing in the complaint indicates that it is brought pursuant to section 7433, and plaintiff has pending a separate lawsuit raising a section 7433 claim.  See Marsoun v. United States, No. 07-2078 (D.D.C. filed Nov. 13, 2007).  Thus, the Court finds no basis for further consideration of whether this case should be treated, in the alternative, as one brought pursuant to section 7433.

## II.    State of Hawaii's Motion to Dismiss

Defendant State of Hawaii, including its Department of Taxation, contends that the complaint must be dismissed because section 7431(a)(2) does not provide a cause of action against a state or its agencies.  See State Defs.' Mem. at 6-7.  The Court agrees.  Section 7431(a)(2) creates a damages action for unauthorized disclosures by "any person," and permits a taxpayer "to bring a civil action against such person."  Id. (emphasis added).  "Person" is defined elsewhere in the Internal Revenue Code as presumptively meaning "an individual, a trust, estate, partnership, association, company, or corporation."  26 U.S.C. § 7701(a)(1).  Based on this

---

[5]  Indeed, section 6103(d) indicates that many types of disclosures to State officials are lawful, making plaintiff's conclusory allegation of unlawful disclosure even more problematic for notice pleading purposes.  Furthermore, the Seventh and Tenth Circuits have found that the IRS has entered into standard written Agreements on Coordination of Tax Administration with each of the 50 states and the District of Columbia, and held that such an agreement authorizes IRS disclosures to a state under section 6103(d).  See Smith v. United States, 964 F.2d 630, 633 (7th Cir. 1992); Long v. United States, 927 F.2d 1174, 1177 (10th Cir. 1992).

definition, the Court concludes that section 7431(a)(2) does not authorize a right of action against a State, its agencies, or state employees sued in their official capacities (the latter, of course, being no different than a suit against the state).[6]  Indeed, the Tenth Circuit has reached the same conclusion based on the plain language of sections 7431(a)(2) and 7701(a)(1).  See Long, 972 F.3d at 1177 & n.4 ("§ 7431(a)(2) fails to confer any right of action against a state agency").  This result is consistent with the long-established precedent recognizing that "'in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.'"  See Will v. Michigan Dep't of State Police, 491 U.S. 44, 64 (1989) (quoting Wilson v. Omaha Tribe, 442 U.S. 653, 657 (1979) (alterations in original)); see also United States v. SCS Business & Tech. Inst., Inc., 173 F.3d 870, 874 (D.C. Cir. 1999) (observing that Will and Wilson "create at minimum a default rule: states are excluded from the term person absent an affirmative contrary showing").  Accordingly, plaintiff's claims against the State of Hawaii, its Department of Taxation, and the State employees in their official capacities are dismissed for failure to state a claim upon which relief can be granted.

## III.    Hamakawa's and Shioji's Motion to Dismiss

To the extent plaintiff intends to bring his section 7431 claim against Hamakawa and Shioji in their individual capacities, plaintiff's complaint must be dismissed for lack of personal jurisdiction.  Under the Due Process Clause, a defendant can be subject to personal jurisdiction in the forum court only if a plaintiff shows "minimum contacts between the defendant and the forum establishing that 'the maintenance of the suit does not offend traditional notions of fair play and

---

[6]  "A lawsuit against a government official in his official capacity is an action against the governmental entity of which the official is an agent."  See Wilburn v. Robinson, 480 F.3d 1140, 1148 (D.C. Cir. 2007).

substantial justice.'"  See GTE News Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347

(D.C. Cir. 2000) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  "[T]he

defendant's conduct and connection with the forum State [must be] such that he should reasonably

anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S.

286, 297 (1980).  "[T]his 'fair warning' requirement is satisfied if the defendant has 'purposefully

directed' his activities at residents of the forum . . . and the litigation results from the alleged

injuries that 'arise out of or relate to' those activities."  Burger King v. Rudzewicz, 471 U.S. 462,

472 (1985) (citations omitted). Although the defendant must intentionally establish contacts in the

forum state, Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 108-09 (1987) (plurality

opinion), it is not necessary that he physically enter the forum state as long as he "'purposefully

avails [him]self of the privilege of conducting activities within the forum State, thus invoking the

benefits and protections of its laws.'"  Burger King, 471 U.S. at 475 (quoting Hanson v. Denckla,

357 U.S. 235, 253 (1958)).

        Plaintiff does not allege that Hamakawa or Shioji have such minimum contacts with the

District of Columbia, nor can the Court discern any.  The complaint states that plaintiff has at all

times been a resident of California and Hawaii, and alleges that Hamakawa and Shioji received,

inspected, and disclosed information as employees of the Hawaii Department of Taxation,

apparently in Hawaii.  See Compl. ¶¶ 3, 5, 6.  Furthermore, Hamakawa and Shioji have each

submitted unrebutted affidavits stating that they are residents of the State of Hawaii and have

never lived in the District of Columbia, and, furthermore, that they have never owned any property

nor conducted any business in the District of Columbia.  See State Defs.' Mem., Exhibits A and B.

Based on these affidavits, and the absence of any allegations that Hamakawa and Shioji have

somehow purposefully availed themselves of the privilege of conducting activities in the District

of Columbia, the Court concludes that it lacks personal jurisdiction over Hamakawa and Shioji.

Plaintiff contends that the action against them may nonetheless be sustained because they are subject to the limitations on disclosure of tax return information set forth by section 6103(d). Pl.'s Opp. at 3.  That contention wholly fails to address the matter of personal jurisdiction -- an issue separate from whether a person has complied with substantive provisions of the Internal Revenue Code.  Plaintiff further suggests that the declarations cannot be considered because they are outside of the pleadings.  Id.  Again, plaintiff misunderstands the law.   In considering a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the Court may consider affidavits and any other relevant matter to determine whether it has personal jurisdiction.  Philip Morris, Inc., 116 F. Supp. 2d at 120 n. 4.

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motions to dismiss plaintiff's complaint.  A separate order has been issued on this date.


                                                    /s/
                                        _____
                                              JOHN D. BATES
                                        United States District Judge

Dated:   December 14, 2007